## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TYLER EARL JEFFERSON,**

      **Plaintiff,**

      **v.**                               **CASE NO.  17-3004-SAC-DJW**

**KANSAS, STATE OF, and**
**DOUGLAS COUNTY CORRECTIONAL**
**FACILITY,**

      **Defendant.**


## NOTICE AND ORDER TO SHOW CAUSE

     Plaintiff Tyler Earl Jefferson is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

     Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  Plaintiff filed his Complaint (Doc. 1) while incarcerated at the Douglas County Correctional Facility in Lawrence, Kansas ("DCCF").  Plaintiff alleges that while detained at DCCF he was forced to walk on urine and human waste to get to and from his assigned cell, putting him in danger of airborne illnesses.  Plaintiff's single count alleges "endanger to food supply and mistreatment of confined inmate."  Plaintiff alleges that "such conditions" were present on

December 20, 2016, and are a "weekly occurrence." Plaintiff names as Defendants the State of

Kansas and DCCF.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts

all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not

raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Exhaustion of Administrative Remedies

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies prior to filing a lawsuit in federal court regarding prison conditions.   42 U.S.C. § 1997e(a). Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.*  This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it."  *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).[1] While failure to exhaust is an affirmative defense rather than a pleading requirement, and a plaintiff is not required to plead it in the complaint, when that failure is clear from materials filed by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted.  *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

This action is subject to dismissal because it appears from the face of the Complaint that Plaintiff failed to fully and properly exhaust all available prison administrative remedies on his claim prior to filing this action in federal court.   Plaintiff marked "none" in response to the

---

[1]  To satisfy this requirement, a prisoner must fully comply with the institution's grievance procedures.  *Jones v. Bock,* 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Little,* 607 F.3d at 1249 (The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures.")(citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim. . . ."  *Id.* (citing *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002)).

question regarding exhaustion of administrative remedies on his form complaint. (Doc. 1, at 5.) Because failure to exhaust appears from the face of the Complaint, Plaintiff is required to show that he has fully and properly exhausted on each of the grounds raised in the Complaint.

### 2. Improper Defendants

#### a.  State of Kansas

To bring a § 1983 claim, a plaintiff must show a "deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Coll. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983.").  Furthermore, the Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity.  *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).  Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Therefore, this action is subject to dismissal against defendant State of Kansas because this defendant is not a "person" amenable to suit under § 1983 and it is immune from suit under the Eleventh Amendment.

#### b.  DCCF

Plaintiff names DCCF as the other Defendant in this case.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). The detention facility is not a "person" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Accordingly, this action is subject to dismissal as against Defendant DCCF.

### 3. Damages

Plaintiff only seeks compensatory damages, which are barred by 42 U.S.C. § 1997e(e) because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## IV. Response Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause why his Complaint (Doc. 1) should not be dismissed for the reasons stated herein. The failure to file a timely, specific response waives de novo review by the District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Col. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **March 15, 2017,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 16th day of February, 2017.**


**s/ David J. Waxse**
**David J. Waxse**
**U. S. Magistrate Judge**